IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DONALD DEAN WEDEKIND, et al., <br><br>  Plaintiffs, <br><br> vs. <br><br> UNITED BEHAVIORAL HEALTH, et al., <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER <br><br><br> Case No. 1:07-CV-26 TS |

A motion to reconsider is not "appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[1]  Defendants' Motion reargues issues previously briefed for its Motion to Dismiss and advances new argument in favor of certification, an issue that could have been raised in their prior briefing.  The Court denies the Motion to Reconsider.

On December 10, 2008, the Court denied in part and granted in part Defendants' Motion to Dismiss.[2]  Defendants timely filed a Motion to Reconsider the ruling on the claims

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted)).

[2] Docket No. 29, Memorandum Decision and Order (Mem. Dec.).

that were not dismissed.  Defendants first argue the Court's decision regarding a Nebraska statute was in error.  In the alternative, they argue that the Court should certify issues to the Nebraska Supreme Court or certify the ruling for an interlocutory appeal to the Tenth Circuit.  Plaintiffs oppose reconsideration, certification, or an interlocutory appeal.

Grounds warranting relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

The Court finds that Defendants' position in support of reconsideration of the ruling on the Nebraska statute revisits issues already addressed and advances new arguments that should have been raised in their prior briefing.  Having considered Defendants' old and new arguments on the issue of the Nebraska statute, the Court declines to change its ruling.

The Court further finds Defendants should have raised their arguments in favor of their new request to certify statutory interpretation issues to the Nebraska Supreme Court in their prior briefing.  Any certification request should have been made prior to their decision to submit the statutory issues to this Court.[4]  The Court declines to certify the

---

[3] *Servants of Paraclete*, 204 F.3d at 1012.

[4] *Compare, e.g.*, Docket No. 21, Def.s' Reply Mem. in Supp. of Mot. to Dis. at 6-7 (arguing that Nebraska Statute § 44-793(2) "does not require insurance policies to

issues at this point because the issues sought to be certified may be moot depending upon the factual issue of whether the policy covers treatment at the center.[5] Where the issues may become moot, it would not be an efficient use of judicial resources to certify the issues at this time.

Finally, Defendants seek an interlocutory appeal under 28 U.S.C. § 1292(b). Section 1292(b) "allows a district court to certify for immediate appeal 'an order not otherwise appealable' if the district court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"[6] As noted above, the issues Defendants seek to certify may be moot if the facts establish there is no coverage under the policy. Accordingly, an immediate appeal from the order would not materially advance the ultimate termination of this litigation. Instead, it may result in a mere advisory opinion on an issue rendered moot by subsequent resolution of factual issues.

Defendants sought hearing on their Motion. The Court finds that a hearing would not materially assist the Court as the parties' arguments are fully briefed. It is therefore

---

provide coverage for any and all treatment for serious mental illness offered by" providers identified therein) *with* Docket No. 32, Def.'s Mem. in Sup. of Reconsideration, at 8 (requesting same issue be certified to Nebraska Supreme Court).

[5]Mem. Dec., at 11-12 (noting factual issues relevant to coverage).

[6]*United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1122 (10th Cir. 1999) (quoting § 1292(b) (emphasis deleted)).

ORDERED that Defendants' Motion for Reconsideration of the January 24, 2008 Decision, or in the Alternative, for Certification of the Questions Either to the Nebraska Supreme Court or to the Court of Appeals for the Tenth Circuit (Docket No. 32) is DENIED.

DATED   March 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge